HOME MUTUAL LIFE ASSOCIATION v. SWAGERTY.

Opinion delivered March 30, 1925.

INSURANCE—BENEFIT INSURANCE—FORFEITURE.—Where the holder of
   two benefit certificates failed to pay or to offer to pay the
   regular monthly assessments for two years before her death,
   after her application for reinstatement of one of the certificates
   was refused and her check covering both assessments was
   returned, she will be held to have abandoned the certificates,
   though no subsequent notice of assessments was given to her,
   and no actual notice of forfeiture of the other certificate.

   Appeal from Washington Circuit Court; W. A. Dick-
son, Judge; reversed.

   Neill Bohlinger, for appellant.

*Walker & Walker,* for appellee.

McCULLOCH, C. J.   Appellant is a mutual insurance company, doing business on what is termed the circle plan, whereby each member is placed in a group or circle, and when a death occurs in a circule an assessment is issued on all the remaining members, and the beneficiary receives the amount raised by the last preceding assessment, after deducting the cost of collection.   The maximum amount of each policy is $1,000.

Ellen Swagerty, the mother of appellee, became a member of the association, and was the holder of two certificates, one in Group No. 1 and the other in Group No. 3, appellee being the beneficiary in each certificate. One of the certificates was issued on January 30, 1915, and the other on July 29, 1915.   Assessments were paid as late as March 23, 1921, but, according to testimony adduced by appellant, the January assessment was not paid.   On April 25, 1921, Mrs. Swagerty, the holder of the certificates, sent in a check for three dollars to cover the assessments for the month of April, but on April 30, 1921, appellant returned the check with a notice to Mrs. Swagerty that the certificate in Group 3 had lapsed on account of failure to pay the January assessment. It was suggested to her that she should apply for reinstatement, and blanks for that purpose were sent to her, which were filled out and signed and returned to the company, but she was later notified of the rejection of her application.   No payments were made thereafter of assessments on either of the certificates, and Mrs. Swagerty died May 30, 1923.   Appellee is the beneficiary in each of the certificates, and instituted this action praying for the recovery of the maximum amount of $1,000, on each certificate.   There was a trial before a jury, and there was a verdict in appellee's favor for the sum of $613.25 to cover the amount which the testimony tended to show was the aggregate of the last preceding assessment in each of the groups, less the cost of collection.

The contention of appellant is that both policies lapsed by reason of nonpayment of assessments.   The

theory of appellee is that the assured paid all of the assessments of which she received actual notice and that there was no lapse of the policies by reason of failing to pay assessments of which no notice was sent out.

There is really no dispute in the testimony, and the only question is whether or not the certificates were forfeited by failure to pay the premium.

It is undisputed that the assured was notified of the lapse of one of the certificates, that she applied for reinstatement and was rejected, and thereafter paid no assessments nor offered to pay any. Two years elapsed before the death of the assured, and it is perfectly clear that there was a forfeiture of this particular certificate.

We are of the opinion also that there was a forfeiture of the other certificate by reason of complete abandonment of the policy, notwithstanding the fact that there was no actual notice of a forfeiture. The check which was returned by appellant uncollected on April 30, 1921, was sent to cover the assessments on both of the certificates. The assured knew that the check was returned, and is bound to have known that there were other succeeding assessments. The testimony shows that there were regular monthly assessments, and, even though notice was provided for, the assured could not hold on to a membership indefinitely without contributing to the benefit funds. There is no escape from the conclusion that the assured treated her membership in both certificates as having been lapsed, and that she completely abandoned both certificates. Appellant's only source of revenue was the collection of assessments on the death of its members, and, as before stated, a member could not ignore the requirements and for a long lapse of time continuously ignore the obligation to contribute to the funds of the association by paying assessments. This constituted an abandonment of the policy, and there can be no recovery.

The judgment is therefore reversed, and, as the cause is fully developed, judgment will be entered here in favor of appellant.